UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MICHAEL TAYLOR,

                    Petitioner,

          -against-

SUPERINTENDENT,

                    Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

**06-CV-2720 (NGG)**

GARAUFIS, United States District Judge:

By petition dated May 10, 2006, *pro se* petitioner MICHAEL TAYLOR, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is denied as set forth below.

Background

Petitioner, currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn "by virtue of criminal proceedings that are now pending before this court [under] 02-CR-00097" seeks to be released from custody because the medical staff at MDC has failed to provide him with Aveeno lotion for his neurodermatitus condition and has refused to allow him to have the lotion sent directly to him. Petitioner alleges that the Aveeno lotion available at MDC is too mild to treat his condition.

Petitioner recently filed a § 2241 petition seeking to be released from custody alleging that the procedural prerequisites for transferring him from New Jersey to New York under the Intrastate Agreement on Detainers were not met. See Taylor v. United States, 06 CV 1807 (CPS) (filed Apr. 17, 2006) (pending). Petitioner has also moved to vacate his federal sentence under 28 U.S.C. § 2255, see Taylor v. United States, 05 CV 1322 (CPS) (filed Mar. 4, 2005) (pending).

1

Discussion

A petition filed under 28 U.S.C. § 2241 is the proper mechanism in which to challenge the conditions of confinement, see United States v. Huss, 520 F.2d 598, 604 (2d Cir. 1975) ("matters of internal prison administration reviewable under the provisions of the general habeas corpus statute"), as long as the petitioner claims to be held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Here, petitioner's allegation that he was denied Aveeno lotion does not rise to the level of a constitutional violation and does not require the Court to inquire into the status of his detention at MDC or seek his release from custody.[1]

Conclusion

Accordingly, the petition for a writ of habeas corpus is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       June 15, 2006

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Petitioner does not seek damages. Even if he sought to assert a damages claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the instant claim cannot proceed. To establish a Bivens claim, a plaintiff must allege facts showing that he sustained a federal constitutional violation and he must name the individual defendants who participated in the alleged constitutional violation. See Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987); see also FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Platsky v. CIA, 953 F.2d 26, 28 (2d Cir. 1991).