D/F

MAR 31 2014

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MICHAEL TAYLOR,

         Petitioner,

-against-

SUPERINTENDENT,

         Respondent.
---------------------------------------------------------------X

MEMORANDUM & ORDER

06-CV-2720 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On October 9, 2013, pro se Petitioner Michael Taylor filed a Motion to Set Aside Judgment, seeking to set aside the court's June 19, 2006, Memorandum and Order, which dismissed Taylor's prior Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the motion is DENIED.

I.  BACKGROUND

On May 25, 2006, Taylor filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his incarceration at the Metropolitan Detention Center ("MDC") in Brooklyn. (Pet. (Dkt. 1).) Petitioner sought to be released from custody because the medical staff at MDC had failed to provide him with Aveeno lotion for his neurodermatitis and had refused to allow him to have the lotions sent directly to him. On June 19, 2006, this court denied Taylor's habeas petition, finding that denial of Aveeno lotion did not rise to the level of constitutional violation. (Mem. & Order (Dkt. 3).)

On October 9, 2013, Taylor filed the instant Motion to Set Aside Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(4), in which he argues that the June 19, 2006, Memorandum & Order, which denied Petitioner's habeas motion, should be set aside on the

1

grounds that the judgment is void because the court acted in a manner inconsistent with Due Process of law in denying his writ application. (Mot. to Set Aside J. (Dkt. 5) at 2.)

## II. DISCUSSION

A Rule 60(b)(4) motion must be made "within a reasonable time" after entry of the judgment. Fed. R. Civ. P. 60(b). While "[c]ourts have been exceedingly lenient in defining the term 'reasonable time,' with regard to voidness challenges," Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997), "[i]n a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 191 (2d Cir. 2006). The timeliness determination is "well within" a district court's discretion. Id. The court finds that because in this case Petitioner waited over seven years from judgment to bring his Rule 60(b) motion, it must be denied as untimely.

Even if the petition is deemed timely, it must be denied on the merits. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace, 443 F.3d at 193. (internal citations omitted).

Repeating the substance of his prior habeas petition, Petitioner argues that the "act of deliberate indifference toward the Petitioner's healthcare needs is a denial of a constitutional right." (Mot. to Set Aside J. at 2.) Citing no additional facts, Petitioner contends that the June 19, 2006, Memorandum & Order, should be set aside on the grounds that the judgment is void because the court "acted in a manner inconsistent with Due Process of law in denying the

Petitioner's writ application." (Id.) Because Petitioner's motion does not point to any specific violation of Due Process and is premised exclusively on this single conclusory allegation, the court is unable to find any basis for setting aside its prior judgment.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Set Aside Judgment is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 28, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge